IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELINDA ("DOLLY") LASATER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:10-cv-1018-M |
| | § | |
| TEXAS A&M UNIVERSITY-COMMERCE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Delinda Lasater has filed a motion to strike, and an objection to, the bill of costs filed by Defendants Texas A&M University-Commerce, Dan Jones, and Mary Hendrix. *See* Plaintiff's Motion to Strike and Objection to Bill of Costs [Dkt. No. 45]. Defendants have not filed a response to Plaintiff's motion to strike, and their time for doing so has now expired.

Defendants filed a Bill of Costs on January 3, 2013 for $5,348.16 in connection with a final judgment entered by United States District Judge Barbara M.G. Lynn on October 14, 2011 (the "10/14/11 Judgment") and for $133.50 in connection with a judgment entered on December 21, 2012 by a Fifth Circuit panel affirming the district court's decision (the "12/21/12 Appellate Judgment"). *See* Dkt. No. 42. Plaintiff argues that the Bill of Costs filed in connection with the 10/14/11 Judgment is untimely and should be stricken. The undersigned agrees.

Although N.D. Tex. L. Civ. R. 54.1 requires that a party file a bill of costs no

later than 14 days after the clerk enters the judgment on the docket, Defendants did not file a bill of costs until January 3, 2013, more than 14 months after the 10/14/11 Judgment was entered. While the Court has discretion to extend the time allowed to file the bill of costs if the failure to timely file was due to "excusable neglect," *see Kretchmer v. Eveden, Inc.*, No. 3:07-cv-1068-D, 2009 WL 2835777, at *1 (N.D. Tex. Sept. 3, 2009), Defendants have not offered any reason for their delay. Consequently, the Court should strike from Defendants' Bill of Costs the $5,348.16 sought in connection with the 10/14/11 Judgment. *See, e.g., Navigant Consulting, Inc. v. Wilkinson*, No. 3:02-cv-2186-B, 2008 WL 2765334, at *7 (N.D. Tex. Jul. 16, 2008).

The Bill of Costs was timely filed as to the 12/21/12 Appellate Judgment, and Plaintiff makes no objection to the costs sought in connection therewith. As such, the Court should permit Defendants to recover the $133.50 in costs sought in connection with the 12/21/12 Appellate Judgment.

**Recommendation**

For the reasons stated herein, the Court should grant Plaintiff's Motion to Strike and Objection to Bill of Costs [Dkt. No. 45] and, on Defendants' Bill of Costs [Dkt. No. 42], award Defendants only the $133.50 in costs that Defendants seek in connection with the appeal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 19, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE